UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD BLASKIEWICZ, M.D.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WEST VALLEY MEDICAL CENTER, INC. d/b/a WEST VALLEY MEDICAL CENTER,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00397-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Donald Blaskiewicz, M.D., petitions this Court to vacate or modify an arbitration award entered in favor of Respondent West Valley Medical Center, Inc. Before the Court is West Valley's Motion to Dismiss (Dkt. 11). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons explained below, the Court grants the motion on the grounds that Blaskiewicz's petition was not timely filed.

**MEMORANDUM DECISION AND ORDER - 1**

## I.  BACKGROUND

In March 2024, Petitioner Donald Blaskiewicz, M.D., and Respondent West Valley Medical Center, Inc. arbitrated West Valley's claims against Blaskiewicz for breach of a promissory note executed in connection with a physician recruiting agreement (Dkt. 1-1). On May 22, 2024, the arbitrator issued an Arbitration Decision and Order awarding West Valley $760,930.72 in damages and finding West Valley the prevailing party entitled to costs and attorney fees (Dkt. 1-11). On August 5, 2024, following West Valley's submission of its cost bill and Blaskiewicz's objection, the arbitrator issued the "Arbitration Decision and Order on Objection to Memorandum of Costs and Attorney Fees," awarding West Valley attorney fees and costs in the amount of $101,866.23 (Dkt. 1-12).

On August 14, 2024, West Valley filed a motion to confirm the arbitration award in the Fourth Judicial District Court for Ada County, Idaho (Dkt. 4-1 ¶ 11). A week later, on August 21, West Valley personally served Blaskiewicz with the motion and related filings at his residence (Dkt. 4-2). That same day, the state court issued an order confirming the award (Dkt. 4-3). On August 26—five days after the state court's confirmation order—Blaskiewicz filed the Petition to Vacate or Modify the Arbitration Award in this Court (Dkt. 1).

On September 9, 2024, the state court held a status conference to determine whether judgment should be entered in that proceeding (Dkt. 4-4 at 1). West Valley certified it mailed notice of the hearing to Blaskiewicz on August 27 (Dkt. 20-4), but neither he nor his counsel appeared on his behalf (Dkt. 4-4 at 1). During the conference, West Valley's counsel informed the state court of the federal petition to vacate the arbitration award (*id.*).

Following the status conference, on September 13, the state court issued an order noting "Blaskiewicz [had] not challenged the Arbitration Award or the Order on Objection to

Memorandum of Costs and Attorney Fees in this Court" (*id.*). Additionally, the court noted that "the time to challenge the May 22 arbitration award has passed," but "the Order on Objection to Memorandum of Costs and Attorney Fees was not signed until August 5, 2024," and therefore "the time will not toll until November 3, 2024" (*id.*). The state court stated it would enter judgment for the full award amount if Blaskiewicz did not file a motion to vacate or modify the award by that date (*id.*). The court emailed Blaskiewicz's counsel a copy of this order (*id.*). Blaskiewicz filed nothing in the state court action. On November 5, 2024, the court entered judgment in West Valley's favor for $862,796.95 (Dkt. 11-1).

West Valley now moves to dismiss Blaskiewicz's Petition on grounds of res judicata, the Full Faith and Credit Clause, untimeliness, and abstention. Blaskiewicz opposes the motion, arguing he lacked notice of the state court proceedings and that none of West Valley's grounds warrant dismissal.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails "to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). The Court may consider matters subject to judicial notice, including undisputed matters of public record such as state court orders and judgments. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

Here, judicial notice of the state court documents is proper. The court documents are matters of public record from sources whose accuracy cannot reasonably be questioned. Therefore,

**MEMORANDUM DECISION AND ORDER - 3**

the Court will consider these noticed documents for the purposes of the pending motion to dismiss. *Id*.

## III.  ANALYSIS

West Valley contends that Petitioner's challenge to the arbitration award must be dismissed as untimely.[1] Section 12 of Federal Arbitration Act (FAA) provides, "any notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Idaho's Uniform Arbitration Act (UAA) similarly provides that a party must move to vacate an arbitration award within ninety days after delivery of the award. I.C. §§ 7-912(b), 7-913(a). These deadlines are strictly construed and constitute an absolute bar to untimely motions. *See Sheet Metal Workers' Int'l Ass'n, Loc. No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983); *Driver v. SI Corp.*, 80 P.3d 1024, 1029 (2003).

The arbitrator issued his decision awarding West Valley damages on May 22, 2024. Blaskiewicz filed this petition on August 26, 2024 – exceeding both the ninety-day deadline for filing the petition under the UAA and the three-month deadline for serving the petition under the FAA. Blaskiewicz, however, contends that his petition is timely because it was filed and served

---

[1]  The parties disagree about whether the FAA or the UAA applies. Some courts have observed that no conflict exists between the FAA and a state's UAA because § 12 of the FAA applies only to notice, i.e., service, while the UAA speaks to the time of filing of the motion. *See Yonir Techs., Inc. v. Duration Systems, (1992) Ltd.*, 244 F. Supp. 2d 195, 206-07 (S.D.N.Y. 2002) (requiring both the FAA and CPLR's timeliness requirement to be satisfied); *c.f. Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 572 (7th Cir. 2007) (distinguishing between filing and service and concluding "service of a motion to vacate is the act that stops the three-month statute of limitations" under the FAA). Regardless of whether the FAA or UAA applies here, Petitioner's petition to vacate would be untimely unless the arbitrator's award of attorney fees "modified" the arbitrator's final decision and restarted the ninety-day or three-month clock, or the clock was otherwise tolled.

within ninety days of the arbitrator's order awarding West Valley attorney fees and costs, which was not signed until August 5, 2024. Thus, the timeliness of Blaskiewicz's petition turns on whether the arbitrator's May 2024 order or his August 2024 order was the final arbitration award.

An arbitration award is considered "final" if it reveals the arbitrator has determined every issue submitted. *Orion Pictures Corp. v. Writers Guild of Am., W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (quoting *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir. 1987)); *see also Aerojet Rocketdyne, Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. CV 17-5122 PSG (SKX), 2017 WL 9500948, at *4 (C.D. Cal. Nov. 27, 2017) (collecting cases). An award is not final if an arbitrator retains jurisdiction "in order to decide a *substantive* issue the parties have not yet resolved." *Orion*, 946 F.2d at 724 (emphasis added). Once liability and damages are decided, however, the order is final. *Aerojet*, 2017 WL 9500948, at *4 (quoting *Millmen Local* 550, 828 F.2d at 1376) ("The Ninth Circuit therefore adopted a rule that "requires the issue of damages be resolved in order for an award to be considered final.").

In May 2024, the arbitrator rendered his final award: Blaskiewicz breached the recruiting agreement; his defenses and counterclaims failed; West Valley was awarded damages; and West Valley was the prevailing party entitled to attorney fees and costs. The arbitrator retained jurisdiction solely to fix the amount of fees and costs—not to resolve any substantive issue left undecided. An arbitrator's order fixing an award of costs and fees does not extend the time for filing a motion to vacate the arbitration award because it does not "reflect on the merits of a case," just as an amended judgment awarding attorney fees and costs does not extend the time for filing an appeal. *Hrabko v. Provident Life & Acc. Ins. Co.*, No. 05-15924, 2007 WL 1112618, at *1 (9th Cir. Apr. 12, 2007) (citing *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200-01 (1988));

**MEMORANDUM DECISION AND ORDER - 5**

*accord Christopher W. James Trust, UTD February 7, 1979 v. Tacke*, 467 P.3d 389, 394 (Idaho 2020). The May 2024 order on the merits was therefore the final award, triggering the statutory deadlines for filing a motion to vacate. *See, e.g.*, *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 492 (7th Cir. 2005) (limitations clock began to run with arbitration panel's dismissal order, not its later denial of motion to amend).

Blaskiewicz's reliance on the state court's September 20 order to establish the August 5 order is "the correct date to measure the 90-day deadline" is misplaced. That order explicitly distinguished between the May 22 award—for which "the time to challenge . . . has passed"—and the August 5 fee award. The state court's recognition that Blaskiewicz could challenge the fee award until November 3, 2024, confirms these awards are separate determinations with separate deadlines. Moreover, the state court was making an administrative determination about when to enter judgment, not analyzing whether a federal petition filed after the statutory deadline could proceed. Its decision did not alter the FAA's and UAA's statutory deadlines.

Accepting Blaskiewicz's argument to the contrary would create unworkable results. Parties could indefinitely extend statutory deadlines by requesting sequential determinations on fees, costs, or other collateral matters. This would undermine the strong policy favoring finality in arbitration and the strictly construed statutory deadlines. The May 22, 2024, award determined the substantive issues and that fees were recoverable. The August 5, 2024, decision merely quantified those fees without reopening the merits. While Blaskiewicz might have challenged the fee amount until November 3, 2024, this did not revive his ability to challenge the May 22 merits determination. *See Hrabko,* 2007 WL 1112618, at *1 (explaining timely appeal of an amended judgment taxing costs and fees conferred jurisdiction over that award but did not cure plaintiff's untimely appeal of the original judgment on the merits).

MEMORANDUM DECISION AND ORDER - 6

Blaskiewicz's argument that the three-month limitation period should be tolled because West Valley "never served Petitioner's counsel with any of the pleadings in the state court action" fares no better. The record shows West Valley personally served Blaskiewicz with the motion to confirm the arbitration award, as required by Idaho law,[2] on August 21, 2024—five days before Blaskiewicz filed his federal petition to vacate the award. The onus rested on Blaskiewicz to notify his counsel of the pending state court proceeding.[3] More importantly, even if neither Blaskiewicz nor his counsel received notice of the state court proceeding, Blaskiewicz fails to explain how this lack of notice prevented him from timely filing his petition in this Court. The Court therefore finds no equitable basis to toll the limitations period. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (finding equitable tolling did not extend "to what [was] at best a garden variety claim of excusable neglect" where petitioner argued the failure to timely file "should be excused because his lawyer was absent from his office at the time that the EEOC notice was received"). Blaskiewicz's failure to act within the limitations period bars his action.

Because the Court finds Blaskiewicz's petition to vacate the arbitration award is untimely, it does not address whether the petition is barred by res judicata and the Full Faith and Credit Clause or the abstention doctrine.

---

[2]   *See* Idaho Code 7-916 ("Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action.").

[3]   West Valley's counsel also sent an email to Blaskiewicz's counsel on August 21, 2024, stating that West Valley had filed a motion to confirm the arbitration award and asking whether counsel would accept service; otherwise, West Valley would be required to serve Blaskiewicz directly. This email, however, is not subject to judicial notice, and therefore the Court does not consider it for purposes of this motion.

**MEMORANDUM DECISION AND ORDER - 7**

## IV. ORDER

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED**.

DATED: September 22, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge